1    BRANDIE N. CHARLES, Bar No. 188892
     bcharles@littler.com
2    DAVID S. MAOZ, Bar No. 233857
     dmaoz@littler.com
3    LITTLER MENDELSON, P.C.
     2049 Century Park East
4    5th Floor
     Los Angeles, CA 90067.3107
5    Telephone: 310.553.0308
     Fax No.: 310.553.5583

Attorneys for Defendants
AMAZON DEVELOPMENT CENTER U.S, INC.,
and AMAZON.COM SERVICES LLC (*formerly known as AMAZON.COM SERVICES, INC. formerly known as GOLDEN STATE FC, LLC*)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| Daniella Santillan, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>Amazon Development Center U.S., Inc. (a Delaware corporation); Amazon.com Services, Inc. (a Delaware corporation); Golden State FC, LLC (a Delaware corporation); and DOES 1 - 50, inclusive,<br><br>    Defendants. | Case No.<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE<br><br>**DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Complaint Filed: May 29, 2020 (San Bernardino County Superior Court) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF DANIELLA SANTILLAN AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants AMAZON DEVELOPMENT CENTER U.S, INC. and AMAZON.COM SERVICES LLC (*formerly known as AMAZON.COM SERVICES, INC. formerly known as GOLDEN STATE FC, LLC*)[1] (collectively, "Defendants" or "Amazon") hereby remove the above-captioned action from the Superior Court for the State of California, County of San Bernardino to the United States District Court for the Central District of California. This removal is based on 28 U.S.C. sections 1441 and 1445. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. section 1332(a) and the existence of complete diversity of citizenship among the parties.

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441(a) and 1446.

## VENUE

2. This action was filed in the Superior Court for the State of California, San Bernardino County. Venue properly lies in the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. sections 84(c)(1), 1391(a) and 1441(a).

---

[1] Defendant Golden State FC, LLC was dissolved and merged into Defendant Amazon.Com Services, Inc., which in turn was also dissolved and merged into Amazon.Com Services LLC. *See* Declaration of Zane Brown, ¶¶ 4-9.

## **PLEADINGS, PROCESS AND ORDERS**

3. On May 29, 2020, Plaintiff DANIELLA SANTILLAN ("Plaintiff") filed an unverified Complaint for Damages for violations of the California Fair Employment and Housing Act (FEHA) [Government Code §§ 12900-12996] in the Superior Court for the State of California, San Bernardino County titled: *DANIELLA SANTILLAN, Plaintiff, vs. AMAZON DEVELOPMENT CENTER U.S., INC. (a Delaware corporation); AMAZON.COM SERVICES, INC. (a Delaware corporation); GOLDEN STATE FC, LLC a Delaware limited liability company; and DOES 1 - 50, Inclusive, Defendants*, Case Number CIVDS2011835 (hereinafter the "Complaint"). Declaration of David S. Maoz in Support of Defendants' Notice to Federal Court of Removal of Civil Action From State Court ("Maoz Decl."), ¶ 2 at **Exhibit A**.

4. Plaintiff's Complaint asserts five (5) purported causes of action for: (1) Employment Discrimination [Violation of Government Code §12640(a) – Physical Disability Discrimination]; (2) Employment Discrimination [Violation of Government Code §12640(a) – Age Discrimination]; (3) Employment Discrimination [Violation of Government Code §12940(m)]; (4) Employment Discrimination [Violation of Government Code §12940(n)]; and, (5) Wrongful Termination in Violation of California Public Policy ('Tameny Claim'). Maoz Decl., ¶ 2 at **Exhibit A**. Plaintiff's prayer for relief includes prayers for:

    a. General damages;
    b. Special damages;
    c. Loss of earnings;
    d. Loss of earning capacity;
    e. Attorneys' fees and costs of suit;
    f. Prejudgment interest; and
    g. Punitive and exemplary damages.

*See* Compl., Prayer for Relief, ¶¶ 1-7.

5. On May 29, 2020, along with the Complaint (Exhibit A), Plaintiff filed a

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL 3.

1  Summons, and Civil Case Cover Sheet.  Maoz Decl., ¶ 3, at **Exhibits B - C**.

2  　　　　6.　　On July 6, 2020, a Notice of Trial Setting Conference scheduling a trial setting conference and assigning the matter to the Honorable Judge Thomas S. Garza in Department S27, were issued by the Clerk of the Court.  Maoz Decl., ¶ 4, **Exhibit D**.

　　　　7.　　On March 26, 2020, Plaintiff submitted a Certificate of Assignment via fax with the Court.  Maoz Decl., ¶ 5, **Exhibit E**.

　　　　8.　　On July 22, 2020, Plaintiff served on Defendant Amazon Development Center U.S., Inc. the Complaint (Exhibit A); Summons and Civil Case Cover Sheet (Exhibits B - C); a Notice of Trial Setting Conference (Exhibit D); and, a Certificate of Assignment (Exhibit E).  Maoz Decl., ¶ 6.

　　　　9.　　On August 3, 2020, the Court, on its own motion, rescheduled the Trial Setting Conference of November 30, 2020 at 9:30a to December 3, 2020 at 9:30a.  Maoz Decl., ¶ 7, **Exhibit F.**

　　　　10.　　On August 20, 2020, Defendants filed an answer to Plaintiff's complaint in the San Bernardino County Superior Court.  Maoz Decl., ¶ 8, **Exhibit G.**

　　　　11.　　To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court for the State of California, San Bernardino County or served by any party other than as described above.  Maoz Decl., ¶ 8.  The Attachment of Exhibits "A" through "G" satisfies the requirements of 28 U.S.C. section 1446(a).  *See* Maoz Decl., ¶¶ 1-9.

## INDIVIDUAL & DOE DEFENDANTS

　　　　12.　　No individual defendants are named in this action. Defendants are informed and believe that none of the Doe defendants in this case have been identified or served.  As such, they need not join or consent in this Notice of Removal and are to be disregarded for the purpose of removal.  28 U.S.C. § 1441(a); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join in notice of removal).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL

4.

## TIMELINESS OF REMOVAL

13. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period). On July 22, 2020, the Complaint and Summons were served on Defendant Amazon Development Center U.S. As Defendant filed this Notice of Removal within 30 days of service of the Summons and Complaint, this Notice of Removal is timely as a matter of law.

## DIVERSITY JURISDICTION

14. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States . . . ." 28 U.S.C. § 1332(a).

15. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 USC § 1441(a). Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, i.e., Plaintiff and Defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

16. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as set forth below.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL 5.

## A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

### Plaintiff Is A Citizen Of The State Of California.

17. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

18. At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California. Plaintiff alleges that she was at all relevant times a resident of the County of Riverside. Compl., ¶ 17; *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). Thus, Plaintiff, by her own admission, is a citizen of the State of California.

### None of the Named Defendants Are Citizens Of The State Of California.

19. For purposes of Section 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181; 175 L. Ed. 2d

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL

6.

1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters." *Id.* at 80.

20. In the case of a limited liability company, the court should consider the citizenship of each member or owner of the company. *See, e.g., Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of every state in which its owners/members are citizens.")

21. Defendants Amazon Development Center U.S., Inc., Amazon.Com Services, Inc., and Golden State FC, LLC, and Amazon.Com Services LLC, are not states, state officials, or any other type of governmental entities. Declaration of Zane Brown in Support of Defendants' Notice of Removal to Federal Court ("Brown Decl."), ¶ 2.

22. **Defendant Amazon Development Center U.S.** Defendant Amazon Development Center U.S., Inc. is an employer of Amazon Web Service-related research and development employees in the U.S. Brown Decl., ¶ 3. Defendant Amazon Development Center U.S. is incorporated under the laws of the State of Delaware and maintains a principal place of business in Seattle, Washington. *Id.* Key executives of Amazon Development Center U.S., including all of its directors and most of its officers, are based out of its Seattle, Washington corporate headquarters. *Id.* Seattle, Washington is also where Defendant Amazon Development Center U.S.'s centralized administrative functions and operations are based, and it is the actual center of direction, control, and coordination for its operations. *Id.* Under the applicable standard, Amazon Development Center U.S.'s principal place of business is indisputably located in Seattle, Washington. Therefore, its citizenship is Washington and Delaware.

23. **Amazon.Com Services LLC.** Amazon.Com Services LLC is incorporated under the laws of the State of Delaware and maintains a principal place

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL        7.

of business in Seattle, Washington. Brown Decl., ¶ 4. Key executives of Amazon.Com Services LLC, including all of its directors and most of its officers, are based out of its Seattle, Washington corporate headquarters. *Id*. Seattle, Washington is also where Amazon.Com Services LLC's centralized administrative functions and operations are based, and it is the actual center of direction, control, and coordination for its operations. *Id*. Under the applicable standard, Amazon.Com Services LLC's principal place of business is indisputably located in Seattle, Washington. Therefore, its citizenship is Washington and Delaware.

24. **Defendant Amazon.Com Services, Inc.** Defendant Amazon.Com Services, Inc. was incorporated under the laws of the State of Delaware. Brown Decl., ¶ 5. Defendant Amazon.Com Services, Inc.'s principal place of business is Seattle, Washington. *Id*. Key executives of Amazon.Com Services, Inc., including all of its directors and most of its officers, were based out of its Seattle, Washington corporate headquarters. *Id*. Seattle, Washington is also where Defendant Amazon.Com Services, Inc.'s centralized administrative functions and operations were based, and it was the actual center of direction, control and coordination for its operations. *Id*. Under the applicable standard, Amazon.Com Services, Inc.'s principal place of business was indisputably located in Seattle, Washington. Therefore, its citizenship is Washington and Delaware. Defendant Amazon.Com Services, Inc. has dissolved, ceased operations and its business registration in California was cancelled as of January 10, 2020. *Id*. Brown Decl., ¶ 5, Exhibit "A."

25. Defendant Amazon.Com Services, Inc. merged into Amazon.com Services LLC effective December 31, 2019. Brown Decl., ¶ 6. As explained above, Amazon.Com Services LLC is a corporation incorporated in Delaware. *Id.* Also as explained above, Amazon.Com Services, LLC, maintains its principal place of business in Seattle, Washington. *Id.* Therefore, because Amazon.Com Services LLC's citizenship is Delaware and Washington, and it was the successor to Amazon.Com Services, Inc., Amazon.Com Services, Inc.'s citizenship has at all

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL

8.

relevant times been a Delaware and Washington. *Id.*

26. **Defendant Golden State FC, LLC.** Defendant Golden State FC, LLC was formed on December 22, 2011 as a limited liability company organized and incorporated under the laws of the State of Delaware, with its principal place of business in Seattle, Washington. Brown Decl., ¶ 7. Defendant Golden State FC, LLC's corporate decisions, including operational, executive, administrative, and policymaking decisions were made in Seattle, Washington, even though it conducted business in California. *Id.* Defendant Golden State FC, LLC has dissolved, ceased operations and its business registration in California was cancelled as of January 8, 2019. *Id.*, Exhibit "B."

27. Defendant Golden State FC, LLC merged into Amazon.com Services, Inc. effective January 1, 2019. Brown Decl., ¶ 8. As explained above, Amazon.Com Services, Inc. was a corporation incorporated in Delaware. *Id.* Also as explained above, Amazon.Com Services, Inc., maintained its principal place of business in Seattle, Washington. *Id.* Therefore, because Amazon.Com Services, Inc.'s citizenship is Delaware and Washington, and it was the sole member of Golden State FC, Golden State FC's citizenship has at all relevant times been Delaware and Washington. *Id.*

28. Defendants Does 1 through 50 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

29. Based on the foregoing, diversity is established between Plaintiff and Defendants because Plaintiff and all Defendants are citizens of different states.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL

9.

## B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

30. Defendants need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 551, 553. Defendants need to only plausibly allege that the amount in controversy exceeds $75,000. *Id*. ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

31. Plaintiff's Complaint does not specify the amount that she seeks to recover from Defendants in this action. Plaintiff's Complaint seeks damages for general and special damages, punitive damages, attorneys' fees and costs of suit. *See* Prayer for Relief, ¶¶ 1-7. Although Defendants deny that they should be liable for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

32. The ultimate inquiry is the amount that is put "in controversy" by

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL 10.

Plaintiff's Complaint, and not how much, if anything, Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages it not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

33. ***Defendants deny the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them***. Nevertheless, the amount in controversy as alleged by Plaintiff far exceeds the sum of $75,000.

**Lost Earnings and Benefits.**

34. Plaintiff seeks recovery of economic losses, alleging that as a result of Defendants' conduct she "has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his capacity to earn a salary, and she has lost and will continue to lose employment benefits," and states that she seeks loss of wages and benefits. Complaint, ¶¶ 28, 36, 43, 50; Prayer for Relief, ¶ 1-2. Plaintiff was formerly employed by Amazon as a Fulfillment Associate, making $12.75 per hour. Declaration of Sara Martinez in Support of Defendants' Notice of Removal ("Martinez Decl."), ¶ 3. Plaintiff alleges that her employment ended on June 11, 2018. Complaint, ¶ 10. In 2017, the last full year Plaintiff worked for Amazon, she earned a total of $23,802.76, exclusive of health and welfare benefits and without quantifying Plaintiff's alleged loss of future employment and/or promotional opportunities. Martinez Decl.", ¶ 3. Although Defendants deny Plaintiff is entitled to recover any damages, assuming *arguendo* Plaintiff was to recover alleged lost income for the equivalent of two to three years of earnings, which is a conservative estimate (as presently, Plaintiff has already incurred more than two years of lost earnings, and even an expeditious trial will lead to three years of lost income by the time it occurs), Plaintiff could recover $47,605.52 to 71,408.28 in back pay.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL

11.

35. In addition, Plaintiff seeks future damages or front pay as a result of the alleged wrongs by Defendants. Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal.App.3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four years). Even conservatively estimating that Plaintiff seeks front pay benefits for only one year, the amount of future income in controversy in this case would total at least an additional $23,802.76.

36. Thus, Plaintiff could recover approximately $71,408.28 to 95,211.04 in compensatory damages, exclusive of health and welfare benefits. *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n. 1 (E.D. Cal. June 1, 2007) (affirming both past and future lost wages should be considered); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (considering past and future wages in determining the amount in controversy).

**General Damages.**

37. The amount in controversy includes claims for general damages, exclusive of costs and interest. *See Ajimatanrareje v. Metropolitan Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339 at 4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint."); *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998); *Richmond v. Allstate Ins. Co.*, 897 F.Supp.447, 450 (S.D. Cal. 1995) (holding same).

38. Here, Plaintiff alleges that, as a result of Defendants' alleged unlawful conduct, she "has suffered and will continue to suffer embarrassment, humiliation, mental anguish, emotional and physical distress, medical expense, including psychotherapy…" Complaint ¶¶ 28, 26, 43, 50, 58. Though Defendants dispute that Plaintiff is entitled to any such award, Plaintiff's potential recovery of such damages clearly demonstrates that the jurisdictional prerequisite for removal of this action is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL 12.

met. *See Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"); *see also Irma Sanchez v. California Dept. of Corrections*, Case No. 1:12-cv-01835-SAB, 2015 WL 3849673 (E.D. Cal. June 11, 2015) (jury returning verdict for $550,000 in compensatory damages on plaintiff's discrimination and retaliation claims).

39. Similarly, in *Kroske*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Kroske*, 432 F.3d at 980. Based on the conservative estimate from *Kroske*, here, Plaintiff could recover emotional distress damages in an amount of at least $25,000.00, the approximate equivalent of one year of wages, for her alleged emotional distress.

40. Based on Plaintiff's allegations of severe mental anguish due to the alleged intentional infliction of emotional distress, discrimination and retaliation, it can be reasonably ascertained that the amount in controversy on Plaintiff's claim for emotional distress damages is, at a minimum, $25,000.00.

**Punitive Damages.**

41. Plaintiff also seeks an award of punitive damages. *See* Complaint, Prayer for Relief, ¶ 3. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. *See Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357 (9th Cir. 1994). Moreover, punitive

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL

13.

damages are included in calculating the amount in controversy. *Davenport v. Mut. Ben. Health & Acci. Assoc.*, 325 F.2d 785, 787 (9th Cir. 1963).

42. In *State Farm v. Campbell*, 538 U.S. 408, 425 (2003), the Supreme Court ruled that a single-digit ratio (*i.e.*, no more than nine-to-one) was appropriate when issuing an award of punitive damages. For instance, in *Wysinger v. Auto. Club of Southern California*, the court upheld punitive damages of $1 million in a FEHA discrimination/retaliation case, where the compensatory damages were $280,000. *Wysinger*, 157 Cal.App.4th 413 (2007). There, the Court noted that the award was less than four times the amount of compensatory damages, and, as such, "falls within the range of multipliers that are commonly used to achieve the goals of punitive damages." *Id*. at 428-29.

43. Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on one of her claims and establish an award under California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. In *Aucina v. Amoco Oil, Co.*, 871 F.Supp.332 (S.D. Iowa 1994), the defendant employer established the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id*. at 334. Further, numerous court decisions and jury verdicts demonstrate that compensatory and punitive damages in excess of $75,000 have been awarded to individual plaintiffs where, as here, the plaintiff alleges failure disability discrimination and/or retaliation. *See, e.g.*, *Roby v. McKesson Corp.*, 47 Cal.4th 686 (2009) (affirming punitive damages award of $1.9 million, an amount equivalent to the compensatory damages award, where plaintiff alleged FEHA claims including disability discrimination and wrongful termination); *McGee v. Tucoemas Federal*

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL 14.

*Credit Union*, 153 Cal.App.4th 1351 (2007)(jury verdict of $1.2 million in punitive damages where Plaintiff alleged FEHA claims including disability discrimination).

44. Here, again assuming Plaintiff were to recover punitive damages in an amount approximately equal to one year of her alleged compensatory damages, Plaintiff would recover an additional $25,000 for her alleged punitive damages.

45. Thus, based on the combined total of Plaintiff's lost wages, emotional distress damages, and potential punitive damages alone, it can be reasonably ascertained that the amount in controversy is well in excess of $75,000.

**Attorneys' Fees.**

46. Plaintiff also seeks attorneys' fees. Compl., Prayer for Relief, ¶ 4. It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479. F.3d 997, 1000 (9th Cir. 2007); *Kroske*, 432 F.3d at 980; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

47. Plaintiff's Complaint alleges violations of the FEHA, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

48. Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785 (9th Cir. 2018). "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE TO FEDERAL COURT OF REMOVAL

15.

conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, Case No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015) (citations omitted). In fact, the attorneys' fees alone through trial of any cause of action would likely exceed $200,000 and could be many times that amount. *See Flannery v. Prentice*, 26 Cal.4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $1,088,231); *see also Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (2d Cir. 1986) (upholding award for attorney's fees in the amount of $550,000). Thus, Plaintiff's attorneys' fees add, at the least, $30,000 to the amount in controversy, and in some cases, over $500,000.

49. Therefore, based on the foregoing, a preponderance of the evidence demonstrates that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and cost. Specifically, based on the aforementioned conservative figures, Defendants estimate the amount in controversy to be at least $130,000 ($50,000 economic damages + $25,000 emotional distress + $25,000 punitive damages + $30,000 attorneys' fees). *See, e.g., Akers v. County of San Diego*, 95 Cal.App.4th 1441, 1445 (2002) (affirming judgment of $150,000 plus $249,245 in attorneys' fees in a matter alleging pregnancy discrimination and retaliation).

**Other Relief.**

50. Plaintiff's Complaint also seeks "such other and further relief as the court deems just and proper." Compl., Prayer for Relief, ¶ 7. Although uncertain in amount, this open-ended relief sought by Plaintiff only serves to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-43 (W.D. Tenn. 2004) (the "open-ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that his case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

51. Because it is facially apparent from the Complaint and as set forth above, Defendants have met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.

## NOTICE TO PLAINTIFF AND STATE COURT

52. Immediately following the filing of this Notice of Removal in the United States District Court for the Central District of California, Eastern Division, Defendants will arrange for notice of such filing to be given by the undersigned to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the San Bernardino County Superior Court. Maoz Decl., ¶ 10.

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the San Bernardino County Superior Court to this honorable District Court.

Dated: August 21, 2020           LITTLER MENDELSON, P.C.,

*/s/ David S. Maoz*
BRANDIE N. CHARLES
DAVID MAOZ
Attorneys for Defendants
AMAZON DEVELOPMENT CENTER U.S, INC., and AMAZON.COM SERVICES LLC (*formerly known as AMAZON.COM SERVICES, INC. formerly known as GOLDEN STATE FC, LLC*)

4815-9302-4710.1 090069.1337

NOTICE TO FEDERAL COURT OF REMOVAL    17.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300